A96A1788. REVIS v. THE STATE.
A96A1789. PERELES v. THE STATE.
A96A1790. BOWEN v. THE STATE.
(477 SE2d 880)

McMurray, Presiding Judge.

Defendants Revis, Pereles, and Bowen appeal an order of restitution. The order states that: "The Court held a restitution hearing on January 2, 1996. After hearing evidence from the State of Georgia and the defendants, the Court hereby makes a determination of the amount of restitution after considering all the factors listed in O.C.G.A. § 17-14-10.

"The Court finds that the defendants, Peter Revis, James Pereles, and Brandon Bowen owe restitution to Louie Calhoun for the arson of a residence in the amount of $17,531.00, jointly and severally." *Held*:

1. Defendant Revis contends that the order did not satisfy the requirement to make a record by specific findings of fact as discussed in *Cannon v. State*, 246 Ga. 754, 756 (272 SE2d 709) and *Garrett v. State*, 175 Ga. App. 400, 401 (1), 402 (333 SE2d 432). While the restitution order shows that the trial court has considered the statutory factors, we agree that the order is deficient in that it does not show what the trial court has found as fact. See *Gaskin v. State*, 221 Ga. App. 142, 144 (3) (470 SE2d 531).

2. Defendants Pereles and Bowen correctly contend that the trial court erred in ordering restitution because no evidence of probative value was presented which supports the amount of restitution ordered. " 'The amount of restitution ordered may be equal to or less than, but not more than, the victim's damages.' OCGA § 17-14-9. '(T)he maximum amount of restitution recoverable in a criminal case is that which would be recoverable in a civil action. (Cits.)' *Lawrenz v. State*, 194 Ga. App. 724 (1) (391 SE2d 703) (1990)." *Gaskin v. State*, 221 Ga. App. 142, 144 (3), 145, supra.

The house which was destroyed by defendants was carried on the county tax rolls at a value of $600. No one had lived in the house in recent years and of the last three tenants who had occupied the house, the most rent that had been paid the victim was $25 per month. The only evidence attributing a substantial value to the house was that of the victim who calculated that the materials to build a replacement for the house would cost in excess of $31,000. But this figure did not reflect any allowance for depreciation even though the victim had owned an interest in the house for more than

30 years and did not know when the house had been constructed. The absence of any allowance for depreciation is fatal to the probative value of the victim's testimony. *Gaskin v. State*, 221 Ga. App. 142, 145 (3), supra.

3. The remaining enumerations of error are without merit. We vacate the judgments as to restitution and remand these cases to the trial court for a new hearing on restitution and the entry of a new order based upon written findings.

*Judgments vacated as to restitution and cases remanded with direction. Johnson and Ruffin, JJ., concur.*

DECIDED NOVEMBER 5, 1996.

*D. Duston Tapley, Jr.*, for Revis.

*McNatt, Greene & Thompson, Richard S. Thompson, Malcolm F. Bryant, Jr.*, for Pereles and Bowen.

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.