### A01A2433. BEALL v. THE STATE.
(555 SE2d 788)

PHIPPS, Judge.

An accusation charged Charlotte Beall, former Probate Judge of Johnson County, with violating her oath of office by misfeasance resulting in loss of monies lawfully held by her office between January 1, 1997, and September 24, 1999. After pleading guilty, she received a probated sentence conditioned on her payment of $54,000 in restitution to the county. The trial court based the restitution amount on the State's claim that shortages in probate court bank accounts during the period covered by the accusation totaled approximately $54,000. Beall appeals the restitution order. Among other things, she argues that under the applicable four-year statute of limitation, she should not have been ordered to pay restitution for monies lost more than four years before the April 10, 2001 accusation. Although we find no merit in this argument, we vacate the order based on insufficiencies in its findings.

At the restitution hearing, the primary State's witness was an accountant who had conducted an audit of Johnson County offices. His attention was drawn to the office of the probate court because it was delinquent in remitting its collections to the county's general fund and was disorganized. He determined that from January 1, 1994, until May 24, 1999, approximately $73,388 in funds paid to the probate court were missing from its bank accounts. He explained that he made this determination based on discrepancies between collections by the court as shown on its official ledger and records of bank deposits. According to the accountant, the monies were taken by someone making bank account deposits either that were not receipted on the ledger or that were receipted for a lesser amount on the ledger. When asked on cross-examination whether this should have resulted in more money in the account than on the ledger, he responded, "It should be, but I think that's why we're all here; it wasn't." Apparently because the accountant's calculation of shortage amounts for 1997 through 1999 totaled $55,492.87, the prosecuting attorney informed the court that according to "my math" the shortage in the period of time relevant to the four-year statute of limitation was approximately $54,000.

At the restitution hearing, Beall testified that she was 70 years old, unemployed, had virtually no financial assets or home equity,

had a net monthly income of approximately $3,000 from Social Security benefits and a retirement fund, and supported a disabled son.

1. Beall contends that the trial court erred in ordering her to pay $54,000 in restitution to the county because this amount is greater than the county's actual damages.

"[T]he restitution mechanism is an attempt to avoid the necessity of a separate civil action and to determine the amount of loss caused by the criminal act in the usually earlier criminal proceedings rather than in a second and more protracted civil suit."[1] Consequently, the amount of restitution ordered may not be more than the victim's damages.[2] Beall argues that the county's damages were less than the $54,000 payable from the probate court into the county treasury because the county must remit approximately 25 percent of probate court fines to various state agencies.[3]

Because Beall did not raise this issue at trial, it has not been preserved for appellate review. We do note, however, that the trial court retains jurisdiction to modify the restitution order to direct the county to distribute the applicable percentages to agencies to which money is owed.[4]

2. Beall contends that in calculating the amount of the shortage in probate court accounts, the court erred in failing to add $16,694.26 in cash on hand at the time of the audit. There is no merit in this contention because the accountant deducted the amount of cash on hand in arriving at his calculation of the $73,388 shortage.

3. Beall argues that under the four-year statute of limitation set forth in OCGA § 17-3-1 (c), she cannot be required to pay restitution for losses suffered from January 1 through April 10, 1997. There is no merit in this argument, because entry of a guilty plea waives statute of limitation defenses.[5]

4. Beall contends that the restitution order should be vacated because it failed to include the specific factual findings required by statute. We agree.

Under OCGA § 17-14-10, factors to be considered by the court in determining the amount of restitution include the "present financial condition" and "probable future earning capacity" of the offender and her dependents. Although the form restitution order stated that factors such as these were considered, the order as entered "is deficient in that it does not show what the trial court has found as fact" rela-

---

[1] *Garrett v. State*, 175 Ga. App. 400, 401 (1) (333 SE2d 432) (1985).
[2] OCGA § 17-14-9.
[3] See OCGA Title 15, Chapter 21.
[4] See OCGA § 17-14-12.
[5] *State v. Barrett*, 215 Ga. App. 401, 406 (2) (451 SE2d 82) (1994).

tive to such factors.[6] Consequently, we vacate the judgment and remand the case to the trial court for entry of a new order based upon the required written findings.

*Judgment vacated and case remanded. Johnson, P. J., and Ruffin, J., concur. Ellington, J., disqualified.*

DECIDED OCTOBER 23, 2001.

*Page A. Pate*, for appellant.
*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney*, for appellee.

---

[6] *Revis v. State*, 223 Ga. App. 470 (1) (477 SE2d 880) (1996).