## A01A1848. NOBLES v. THE STATE.
(560 SE2d 724)

RUFFIN, Judge.

Wayne Nobles pled guilty to multiple counts of theft by taking and one count of attempted theft by taking. As part of Nobles' punishment, the trial court ordered him to pay $286,435 in restitution. On appeal, Nobles contends that the trial court erred in failing to include in its order specific findings of fact under OCGA § 17-14-10, which sets forth the factors a court must consider in determining the nature and amount of restitution. We agree.

Before a trial court can order restitution, it must conduct a hearing to determine whether restitution is appropriate and, if so, the amount.[1] Pursuant to OCGA § 17-14-10, the court must consider several factors in determining the amount of restitution, including: the present financial condition of the offender and his dependents; their probable future earning capacity; the amount of damages; the goal of restitution; any prior restitution; and the period of time the restitution order will be in effect. Following the hearing, the court must make "[w]ritten findings of fact relating to each of the factors set

---

[1] See *Cannon v. State*, 246 Ga. 754, 755-756 (3) (272 SE2d 709) (1980) (addressing predecessor statutes to OCGA §§ 17-14-8 through 17-14-10).

forth in [OCGA] § 17-14-10."[2] Failure to do so renders the order deficient.[3]

After Nobles pled guilty, the trial court conducted a restitution hearing, during which evidence was adduced regarding the factors set forth in OCGA § 17-14-10.[4] Despite hearing such evidence, the trial court did not include any specific factual findings in its order. Rather, the order simply stated that the court "heard evidence . . . [and] considered the six (6) factors listed in OCGA § 17-14-10." As the trial court failed to include written findings of fact pertaining to the various factors set forth in OCGA § 17-14-10, its restitution order is deficient, and we must "vacate the judgment and remand the case to the trial court for entry of a new order based upon the required written findings."[5]

The case cited by the State, *Cheeks v. State*,[6] does not require a different result. In *Cheeks*, the offender did not produce *any* evidence during the restitution hearing. Cheeks subsequently challenged the sufficiency of the evidence supporting restitution and demanded a new hearing.[7] We held that, by failing to present evidence at the outset, Cheeks waived her right to do so.[8] Here, waiver is not an issue. And, as a long line of cases makes clear, a trial court is required to set forth its findings of fact in its order following a restitution hearing.[9]

On appeal, Nobles also contends that he is entitled to a new hearing. Contrary to Nobles' contention, he is not automatically entitled to a new hearing. The trial court's failure to include written findings of fact in its order, "alone[,] would not necessitate a new restitution hearing, since it could be rectified upon remand if the required factors were actually considered although not reflected in the order of restitution."[10] If, however, the required factors were not considered, a new hearing may be required.[11] Thus, upon remand, the trial court must ascertain whether a new hearing is required.

*Order of restitution vacated and case remanded. Johnson, P. J., and Ellington, J., concur.*

---

[2] *Helmeci v. State*, 230 Ga. App. 866, 870 (4) (498 SE2d 326) (1998).

[3] See *Beall v. State*, 252 Ga. App. 138, 139-140 (4) (555 SE2d 788) (2001); *Cardwell v. State*, 225 Ga. App. 337-338 (484 SE2d 38) (1997); *Revis v. State*, 223 Ga. App. 470 (1) (477 SE2d 880) (1996).

[4] In its brief, the State sets forth the testimony adduced at the hearing. However, the transcript from the hearing was not included with the record on appeal.

[5] *Beall*, supra at 140 (4); *Cardwell*, supra; *Revis*, supra.

[6] 218 Ga. App. 212 (460 SE2d 860) (1995).

[7] See id.

[8] See id. at 214.

[9] See *Beall*, supra.

[10] *Cardwell*, supra at 338.

[11] See id.

DECIDED FEBRUARY 19, 2002.

*Kim T. Stephens*, for appellant.

*Kenneth W. Mauldin, District Attorney, Thurbert E. Baker, Attorney General, Michael E. Hobbs, Deputy Attorney General, David S. McLaughlin, Assistant Attorney General*, for appellee.