## A02A1683. SHANNON v. THE STATE.
(574 SE2d 889)

ANDREWS, Presiding Judge.

Melissa Channelle Shannon was found guilty by a jury of theft of lost or mislaid property. She appeals claiming the evidence was insufficient to support the guilty verdict, that her waiver of Fourth Amendment rights as a condition of probation was unlawfully coerced, and that the trial court erred by ordering restitution without making required findings. We find the evidence was sufficient and find no coercion in Shannon's waiver of Fourth Amendment rights as a condition of probation. As to restitution, the trial court erred by failing to hold a restitution hearing and make the findings required by OCGA § 17-14-10.

1. The evidence was sufficient to support the jury's verdict that Shannon was guilty of theft of lost or mislaid property.

Under OCGA § 16-8-6, "A person commits the offense of theft of lost or mislaid property when he comes into control of property that he knows or learns to have been lost or mislaid and appropriates the property to his own use without first taking reasonable measures to restore the property to the owner." The State produced evidence that the victim's bank deposit bag containing checks, deposit slips, and

---

over $500 cash pertaining to the victim's business was misplaced while the bag was being transported on December 20, 2000, from the business, located at a shopping mall, to a car parked outside the mall. Shannon testified she and Tracey Grier were shopping at the mall on December 20 and that Grier found the bag and took it home with her. Two days later, Shannon drove Grier to a local check cashing business, Mr. Payroll, where Grier attempted to cash one of the checks. An employee of Mr. Payroll immediately called the victim at his business and described Shannon and Grier and the car they were driving. The victim contacted the police with this information, and Shannon and Grier were stopped by police a few minutes after they left Mr. Payroll.

Police found checks belonging to the victim in Shannon's purse and in a bag belonging to Shannon found behind the driver's seat, along with $487 in cash in Shannon's wallet. Although Shannon denied having possession of any of the checks and claimed Grier had possession, she admitted that the checks belonged to the victim, that they showed the victim's phone number and address, and that she never attempted to contact the victim to restore the property. The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Shannon was guilty of the charged offense. OCGA § 16-8-6; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Shannon claims that her waiver of Fourth Amendment rights as a condition of probation was invalid because the waiver was coerced.

At a sentencing hearing at which Shannon was represented by counsel the trial judge imposed a sentence of two years to serve and four years on probation. Before announcing the sentence, the trial judge gave Shannon an explanation of her Fourth Amendment rights and stated that, if she agreed to waive those rights, the waiver would become a condition of the probationary part of the sentence he was considering imposing. The trial judge also informed Shannon that, if she chose not to waive those rights, he would reevaluate the sentence to be imposed. The trial judge then asked defense counsel to confer with Shannon about the waiver to ensure that she understood her rights. Defense counsel conferred with Shannon and stated that she understood. The trial judge then asked Shannon if she accepted the waiver of those rights as a condition of probation, and Shannon replied yes.

There is no basis for concluding, as Shannon now contends, that the trial court coerced her waiver by stating it would reevaluate the sentence it was considering if she did not waive her Fourth Amendment rights. Whether Shannon agreed to waive these rights as a condition of probation was a factor properly considered by the trial court

in its decision to impose probation or imprisonment. Because the record shows Shannon conferred with counsel and consented to the waiver, it was a valid condition of the probation. *Johnson v. State*, 248 Ga. App. 454, 455 (546 SE2d 562) (2001); *Hermann v. State*, 249 Ga. App. 535, 537 (548 SE2d 666) (2001).[1]

3. Shannon correctly contends that the trial court erred by ordering her to pay $898.30 in restitution without holding a hearing and making the findings required by OCGA § 17-14-10. *Nobles v. State*, 253 Ga. App. 814 (560 SE2d 724) (2002). Contrary to the State's contention, this issue was not waived because Shannon failed to contest the amount of restitution ordered at the time it was imposed. *Slater v. State*, 209 Ga. App. 723, 726 (434 SE2d 547) (1993). Accordingly, the portion of the sentence imposing restitution is reversed and remanded for a hearing in compliance with OCGA § 17-14-10.

*Judgment affirmed in part and reversed and remanded in part. Phipps and Mikell, JJ., concur.*

DECIDED DECEMBER 4, 2002 

*Leo E. Benton, Jr.*, for appellant.

*Lydia J. Sartain, District Attorney, Jason J. Deal, Jennifer C. Bagwell, Assistant District Attorneys*, for appellee.

---

[1] Shannon abandoned her contention that the trial court erroneously imposed drug and alcohol treatment as a condition of probation by failing to support it with argument or citation of authority. Court of Appeals Rule 27 (c) (2).