## A02A2440. SMITH v. THE STATE.
(578 SE2d 295)

BARNES, Judge.

James Smith appeals his convictions of two counts of aggravated child molestation, enumerating three errors. First, Smith contends that the evidence was insufficient; second, he contends that the indictment failed to properly allege the offense; and finally, he contends the trial court erred in limiting the number of character witnesses he was allowed to call. Finding no error, we affirm.

---

1. We view the evidence on appeal in the light most favorable to the verdict and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Smith contends on appeal that insufficient evidence established that he committed the offense of sodomy, the underlying act on which the aggravated child molestation charge relied. Sodomy is defined as performing or submitting to "any sexual act involving the sex organs of one person and the mouth or anus of another." OCGA § 16-6-2 (a). Smith argues that all of the child's hearsay testimony only referred to his or the child's "private parts," without specifying which parts those were.

The child's mother testified, however, that Smith asked her daughter to take off her clothes, and then "he made her lick his penis and he licked her vagina." Later on cross-examination, the mother testified again that the victim told her Smith licked her vagina and explained, "I used the term vagina, but that's not what she used. She said, this is where he licked on me and he made me lick on him. I said that's enough." Finally, a detective with the Muscogee County Police Department sex crimes unit testified that her report indicated that "Smith had put his penis into [the victim's] mouth," and that the victim had described Smith's private parts as being brown and white.

We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Smith guilty beyond a reasonable doubt of aggravated child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hayes v. State*, 252 Ga. App. 897, 900 (2) (557 SE2d 468) (2001).

2. Smith also contends that the indictment failed to properly allege the offense of aggravated child molestation. The indictment charged Smith with two counts of performing an immoral and indecent act involving an act of sodomy with the victim: One count "by placing his, the accused's mouth on [the victim's] vaginal area, with intent to arouse and satisfy the sexual desires" of himself or the child, and the second count by having the victim place her mouth on his penis. Smith argues that he could admit placing his mouth on the victim's "vaginal area," as specified in the first count, without having committed the offense of aggravated child molestation by committing sodomy, which specifically involves sex organs.

Pretermitting whether an indictment alleging that a defendant placed his mouth on a victim's "vaginal area" is sufficient to charge aggravated child molestation, the second count of this indictment properly charged Smith with aggravated child molestation by having the victim place her mouth on his penis. Before sentencing the trial court ruled that the two counts merged as a matter of law, and there-

fore even if we were to vacate Smith's conviction on Count 1 of the indictment, the conviction on Count 2 would stand and his sentence would remain the same. We find no error.

3. Finally, Smith asserts that the trial court erred in limiting the number of character witnesses he could call. The record shows that, after the State rested, Smith announced that he had seven character witnesses ready to testify in his defense, in addition to his other witnesses. The trial court announced that it did not want to have "a lot of redundant witnesses coming up here saying the same thing," and directed Smith to pick his best character witnesses, those "who have something different to offer about his character, that you want to introduce and not a redundant character witness." The court further directed Smith to

> get some that live with him and get some that are from work. But I don't want all of them. Okay. . . . Okay. And then if you want to say that I had four more people say the same thing, that's fine. . . . Or stipulate that there are six more people who are going to say, or four more, whatever, choose your best witnesses is all I'm saying, you know. It is obvious to me that if they get up here saying the same thing, I can stop you in the middle of presentation of your case. I'm trying to give you an opportunity to say it the way that you would want it.

After several defense witnesses testified, Smith announced, "Next we have four character witnesses. We actually have seven character witnesses to testify to his character, some where he lives and works, some a combination of both. I have selected four." Two of those witnesses testified that Smith's reputation where he lived and worked was "outstanding," one testified that his reputation where he lived was very good, and one testified that his reputation in the military community was good. After the fourth witness stepped down, Smith announced, "We have nothing further with the character witnesses, Your Honor."

In *Julian v. State*, 134 Ga. App. 592, 597-598 (2) (215 SE2d 496) (1975), this court found harmful error in the trial court's decision to allow testimony from only five of the defendant's sixty character witnesses. Unlike the defendant in *Julian*, however, Smith waived his right to challenge the trial court's curtailment of his character evidence by failing to object to the trial court's ruling. He noted on the record that he had seven character witnesses and was presenting four, but then after the fourth witness testified, Smith announced he had nothing further with the character evidence. He did not stipulate or make a proffer as to the testimony of the three witnesses he did

not call. "No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further. [Cits.]" *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536) (1986). We find no error.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 18, 2003 —

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Susan L. Henderson, Assistant District Attorney*, for appellee.