A04A1456. McCULLOUGH v. THE STATE.
(602 SE2d 181)

ELDRIDGE, Judge.

A Cobb County jury found Aquil McCullough guilty of theft by taking (motor vehicle), attempting to elude, attempted theft by taking (motor vehicle), and criminal trespass, which charges arose when McCullough stole a Toyota Sequoia SUV from the BP gas station at Cobb Parkway and Windy Hill Road and commenced a high

---

speed flight from law enforcement during rush hour, thereby endangering the public and culminating in the wreck of the Sequoia at the Shell gas station off Austell Road. He appeals and claims that he received ineffective assistance of counsel; that restitution was improperly imposed; that his character was improperly placed into evidence; that two videotapes were improperly introduced; and that his motion for new trial was improperly denied. Upon review of the enumerated errors, we affirm.

1. McCullough first claims that his trial counsel failed to provide the effective assistance guaranteed by the Sixth Amendment because, after objecting to a specific question on the basis of foundation, counsel informed the Court what the proper foundation would be for the introduction of the sought-after testimony. However, "[a]n objection to evidence that 'the foundation has not been laid' for the question without stating what the proper foundation should be is insufficient to raise an issue for review. [Cits.]"[1] We do not find error in interposing a foundational objection in a manner consistent with the ability to secure appellate review of the trial court's ruling thereon. Absent attorney error, the instant claim of ineffective assistance of counsel must fail.[2]

At the motion for new trial, McCullough failed to secure testimony from his trial attorney; he argued to the court that "the record shows that the trial counsel was ineffective for one ground and one ground only[.]" Thereafter, the above-related claim of ineffective assistance of counsel was raised. Therefore, to the extent that McCullough now raises before this Court additional claims of ineffective assistance against his trial attorney, we find them to be waived. "The failure of post-judgment counsel to raise a particular ground for ineffective assistance at the new trial hearing waives appellate review."[3]

2. Next, McCullough claims error in the imposition of restitution in this case. He asserts (a) that the restitutionary amounts were not proven; and (b) that he was ordered to pay restitution both for damage to a red truck when such damage was not charged in the indictment against him and for damage to a police vehicle when he was found not guilty of the offense related to such damage.

(a) Our review of the sentencing hearing reveals that payment of restitution was suggested by McCullough himself as a means to secure a more lenient sentence than that sought by the prosecutor:

---

[1] *Armstrong v. State*, 160 Ga. App. 237, 238 (3) (b) (286 SE2d 523) (1981).

[2] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[3] (Citations omitted.) *Wooten v. State*, 240 Ga. App. 725, 727 (2) (b) (524 SE2d 776) (1999).

[Defense counsel:] Judge, what I'll be asking the Court to consider will be [sic] considerably less time — I spoke to [the prosecutor] about restitution — for this reason. Mr. Mc-Cullough has expressed to me on more than one occasion, your Honor, his desire to make restitution for damages he did cause.

[McCullough's father:] Well, we — none of us support any crimes, but we also believe in paying our debts. I'm taught that way from my father. My son's taught that way from me. . . . [W]e'll do our part to put him in this effort to get the victims paid back for any damages that are caused.

[McCullough:] I also want to quote my parents on definitely wanting to be able to pay the victims back for all the damages and pain that I have caused through this whole period of this seven months and the day of.

[Defense counsel:] I think that that's — the thing that [McCullough] has talked about with me has been repaying these victims.

It is clear from the record that the restitutionary amounts were discussed with McCullough prior to the sentencing hearing and that he concurred in them. Accordingly, McCullough's current claims regarding proof of restitution provide no basis for reversal. "[A] litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal."[4]

(b) During the course of the high speed flight that occurred in this case, McCullough ran into and damaged a red pickup truck owned by Daniel Patterson, which incident was captured on videotape. In addition, the police attempted to end McCullough's flight by utilizing a "PIT maneuver" which entailed striking the vehicle McCullough was driving with a police car, which caused damage to the police car. McCullough himself sought to pay restitution for damage caused to these two vehicles during the chase:

[Defense counsel:] The reasons I asked [the prosecutor] about the red truck was that was the first that I had heard that there was another person who was claiming some damages here. I believe that the Court certainly can consider that as part of the eluding, that during the time of the eluding, it was

---

[4] (Citations and punctuation omitted.) *Smith v. State*, 259 Ga. App. 736, 739 (3) (578 SE2d 295) (2003).

during that time that he caused damage to that red truck, Mr. Patterson. Also, Judge, we had inquired [sic] about the police car. I don't know if — if that would be included, but I had figured — based on what [the prosecutor] had told me, I had figured that we were probably talking about a figure of restitution within $12,000 or less. I had calculated after talking to her that it would be less than $12,000 total restitution.

The trial court acceded to McCullough's requests and ordered restitution for all of the damage caused during the flight. Under these circumstances, we will not reverse; "invited error is not grounds for reversal."[5]

3. McCullough next claims his character was improperly placed into evidence when an officer testified that he found McCullough's prison identification card in McCullough's pocket. However, following an initial objection and motion for mistrial, curative instructions were sought and received; thereafter, no further objection or motion for mistrial was made. Accordingly, this issue is waived.[6]

Under this same enumeration of error, McCullough also appears to claim an "abuse of police powers," arguing that the officer's improper testimony concerning McCullough's prison identification card was "intentional" abuse which is further illustrated by the fact that "[t]his is the same policeman who crashed his county police vehicle into the side door of the sequoia [sic] twice during the pursuit of the appellant and then charged the appellant with interference with government property."

We disagree with McCullough's claim of intentional police misconduct; the record shows that the officer's testimony was premised on his belief that evidence of a prior conviction was to be admitted as a similar transaction, which would then moot the issue of McCullough's prior prison record and identification card. In addition, we decline to accept an argument which would label as "abusive" a law enforcement officer's attempts to *terminate* the flight of a felon through rush hour traffic. The argument as presented completely fails to acknowledge McCullough's acts as the causative factor for the officer's conduct.

---

[5] *Barnes v. State*, 269 Ga. 345, 356 (19) (496 SE2d 674) (1998); *Agony v. State*, 226 Ga. App. 330, 332 (3) (486 SE2d 625) (1997).

[6] See *Fincher v. State*, 276 Ga. 480, 482 (3) (578 SE2d 102) (2003) (defendant waived issue because he did not renew motion for mistrial after court gave curative instruction).

4. McCullough next contends that the trial court erred in admitting two police-made videotapes of the pursuit of the Sequoia SUV because neither tape was provided to the defense ten days prior to trial as required by OCGA § 17-16-4 (a) (3). We find no error. OCGA § 17-16-6 gives trial courts wide latitude in remedying discovery violations by the State.

> In enacting this statute, the legislature did not impose a rigid formulation or grant an exclusive remedy for a defendant or a fatal consequence to the State for failure to comply with the discovery mandates. Instead, it cloaked the trial court with the discretion to use its own judgment to ensure a fair trial.[7]

Here, both videotapes were provided to McCullough prior to trial. In addition, McCullough expressly stated that no further time was required to review the tapes or to interview the officers who made the tapes. Absent any showing of prejudice, the trial court's admission of the tapes was not an abuse of discretion.[8]

5. McCullough contends the trial court erred in denying his motion for new trial and, in so doing, raises six claimed errors upon which he asserts such motion should have been granted. However, five of the alleged grounds for granting the motion have already been decided adversely to McCullough in Divisions 1 through 4, supra.

The final challenge is to the sufficiency of the evidence supporting McCullough's conviction for criminal trespass, which charge concerned his destruction of a mailbox during his flight from law enforcement. The destruction of the mailbox was captured on videotape, which was shown to the jury. McCullough claims that this evidence was insufficient because "[t]he jury did not know who the mailbox belonged to. The jury did was [sic] not told of any value of damage to the mailbox, or if the mailbox was indeed damaged." We are unpersuaded by this argument. A person commits the offense of criminal trespass when he or she intentionally damages any property of another without consent of that other person and the damage thereto is $500 or less.[9] In a criminal trespass case, the State does not have to prove the actual ownership of the property, only that the property belonged to someone other than the defendant.[10] Viewed in a light most favorable to upholding the jury's verdict,[11] videotaped

---

[7] (Punctuation and footnote omitted.) *Harris v. State*, 256 Ga. App. 120, 123 (4) (b) (567 SE2d 394) (2002).

[8] *Gay v. State*, 258 Ga. App. 634, 639 (3) (574 SE2d 861) (2002).

[9] OCGA § 16-7-21 (a).

[10] *Jones v. State*, 236 Ga. App. 716, 717 (1) (513 SE2d 254) (1999).

[11] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

evidence of McCullough driving over the top of a mailbox and de-stroying same during the course of a high speed flight from law enforcement could cause a jury to reasonably conclude that the mailbox was not McCullough's property; that the mailbox was in fact damaged in the amount of $500 or less; and that damaging the mailbox would make McCullough guilty beyond a reasonable doubt of criminal trespass.[12] Accordingly, we find no error in the denial of McCullough's motion for new trial on this basis.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JULY 9, 2004.

*Nicholas Pagano*, for appellant.
*Patrick H. Head*, District Attorney, *Amelia G. Pray, Laura J. Murphree*, Assistant District Attorneys, for appellee.

---

[12] *Ginn v. State*, 251 Ga. App. 159, 161 (2) (553 SE2d 839) (2001).
[1] Blood Alcohol Content.