A04A2011, A04A2012. STEELE v. THE STATE (two cases).
(606 SE2d 664)

RUFFIN, Presiding Judge.

In February 2003, Tonya Laura Steele entered a nonnegotiated guilty plea to aggravated assault and possession of a firearm during the commission of a crime. The trial court sentenced her to a period of confinement and ordered her to pay victim restitution in the amount of $22,325. Steele subsequently moved to modify her sentence, requesting that she be treated as a first offender pursuant to OCGA § 42-8-60 et seq. She also sought a restitution hearing. The trial court denied Steele's motion to modify, but held a restitution hearing, after which the court reduced the restitution award to $21,473.

In Case No. A04A2011, Steele appeals the restitution order entered following the restitution hearing. In Case No. A04A2012, Steele challenges the trial court's denial of the motion to modify her sentence. As discussed below, although we affirm the trial court's

---

[14] See *Clayton County Bd. of Tax Assessors v. Lake Spivey Golf Club*, 207 Ga. App. 693, 694 (1) (428 SE2d 687) (1993).
[15] See id.
[16] See id.

ruling in Case No. A04A2012, we must vacate and remand for further proceedings in Case No. A04A2011.

## Case No. A04A2011

The record shows that, during Steele's plea hearing, the State asked that Steele be sentenced to twenty-five years, with ten years to be served in prison, and also be ordered to pay $22,325.34 in restitution. Arguing against an extended prison term, defense counsel responded that Steele had no prior history as a violent offender, the aggravated assault arose during a domestic dispute, and Steele should be allowed to remain "a productive member of the community" so that she could pay restitution. The trial court then sentenced Steele to twenty years confinement, with five years to be served in prison and the remainder on probation, and issued a restitution order for $22,325. The trial court did not hold a restitution hearing prior to entering the sentence, and Steele did not object to the restitution award at that point.

Steele subsequently moved for a restitution hearing pursuant to OCGA § 17-14-10. The trial court granted Steele's motion and held a hearing, at which both Steele and the victim testified. Following this testimony, the trial court determined that Steele should pay the victim $21,473.03 in restitution. The trial court entered a written order breaking this sum down into various expenses incurred by the victim. The written order, however, contains no other findings or conclusions.

Before ordering restitution, a trial court must hold a hearing to determine whether restitution is appropriate and, if so, the amount that should be paid.[1] OCGA § 17-14-10 requires that the trial court consider several factors in making this determination, including the offender's present financial status, the offender's probable future earning capacity, the goals of the restitution order, and the amount of damages suffered by the victim. Following the restitution hearing, "the court must make written findings of fact relating to each of the factors set forth in OCGA § 17-14-10."[2] Failure to make such written findings renders the restitution order deficient.[3]

Although the restitution order in this case sets forth the damages allegedly incurred by the victim, it does not address each of the factors set forth in OCGA § 17-14-10, indicate that those factors were considered, or contain written findings of fact with respect to each factor.

---

[1] See *Nobles v. State*, 253 Ga. App. 814 (560 SE2d 724) (2002).

[2] (Punctuation omitted.) Id. at 814-815.

[3] See id. at 815.

Under these circumstances, we must vacate the trial court's restitution order and remand for entry of a new order that includes the required written findings.[4]

Trying to avoid remand, the State argues on appeal that Steele acquiesced in the amount of restitution at her sentencing hearing, rendering written findings by the trial court unnecessary. To support this argument, the State cites our recent decision in *McCullough v. State.*[5] In *McCullough*, we rejected the defendant's claim that the State failed to prove "the restitutionary amount" awarded by the trial court. We noted that the defendant had suggested that restitution be imposed in an effort to secure a more lenient sentence, and the record showed that the defendant had agreed to the restitution amount prior to sentencing. Concluding that the defendant had acquiesced in the trial court's restitution order, we found that he could not challenge the order on appeal.[6]

The State argues that Steele acquiesced in the original $22,325 restitution order entered at the sentencing hearing and, like the *McCullough* defendant, suggested the payment of restitution to secure a more lenient sentence. As an initial matter, a defendant who fails to object to a restitution order when it is imposed does not waive the right to contest that order on appeal.[7] And the sentencing transcript shows that the State, not Steele, suggested the imposition of restitution, as well as the amount. Furthermore, although defense counsel urged the trial court not to impose a lengthy prison sentence in part so that Steele could continue to work and pay the restitution, we do not agree that she acquiesced in or consented to the actual amount. Accordingly, the State's waiver argument lacks merit.

Finally, we note Steele's request that we remand this case for a new restitution hearing. The trial court's failure to include proper written findings in the restitution order, however, does not automatically entitle her to a new hearing.[8] If the trial court actually considered the required factors in its earlier restitution determination, but simply failed to reflect its findings in the original order, it can issue a new order with the appropriate written findings.[9] "If, however, the

---

[4] See id.; *Beall v. State*, 252 Ga. App. 138, 139-140 (4) (555 SE2d 788) (2001); *Williams v. State*, 247 Ga. App. 783, 784 (1) (545 SE2d 343) (2001); *Helmeci v. State*, 230 Ga. App. 866, 870 (4) (498 SE2d 326) (1998).

[5] 268 Ga. App. 445, 447 (2) (a) (602 SE2d 181) (2004).

[6] See id.

[7] See *Shannon v. State*, 258 Ga. App. 689, 691 (3) (574 SE2d 889) (2002); *Fonseca v. State*, 212 Ga. App. 463, 464 (2) (441 SE2d 912) (1994) (physical precedent only); *Slater v. State*, 209 Ga. App. 723, 726 (4) (434 SE2d 547) (1993).

[8] See *Nobles*, supra.

[9] See id.

required factors were not considered, a new hearing may be required."[10] On remand, therefore, the trial court must determine whether a new hearing is necessary.[11]

### Case No. A04A2012

In this appeal, Steele claims that the trial court erred in denying her motion to modify sentence. Specifically, she argues that the trial court improperly refused to consider her request for first offender treatment at sentencing and should have modified her sentence to permit such treatment. According to Steele, the trial court applied an inflexible sentencing policy and failed to exercise its discretion in resolving her first offender request. We disagree.[12]

As we recently noted,

[t]he trial court is not required to render . . . first offender status merely because it is requested even where no previous offense is shown, and the trial court may give in its discretion any sentence prescribed by the law for the offense. We vacate and remand only when a trial court refuses to consider first offender treatment as a possible sentence. This is because a trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore is an abdication of judicial responsibility. To require remand, there must be a clear statement in the record that constitutes either a general refusal to consider such treatment or an erroneous expression of belief that the law does not permit the exercise of such discretion.[13]

The record here contains no clear statement that the trial court failed to exercise its discretion or to consider Steele's request for first offender treatment. In fact, when Steele asked for such treatment,

---

[10] Id.

[11] See id.

[12] On appeal, the State argues that the trial court properly denied Steele's motion to modify because (1) the motion was filed outside the term of court in which Steele pleaded guilty and was sentenced, rendering it untimely, and (2) the trial court did not abuse its discretion in denying Steele first offender status. It is unclear whether the trial court ultimately denied Steele's motion as untimely or reached the merits of her argument. As discussed below, however, regardless of whether the motion could be considered timely filed, the trial court did not err in rejecting Steele's request for first offender treatment. Thus, it properly denied her motion to modify. See *Vonslep v. State*, 253 Ga. App. 881, 883 (2) (560 SE2d 752) (2002) (" 'A trial court's judgment, right for any reason, will be affirmed.' ").

[13] (Citations and punctuation omitted.) *Shell v. State*, 264 Ga. App. 547, 549-550 (2) (591 SE2d 450) (2003).

the trial judge responded, "[b]ased on the nature of the offense, I considered that and would decline to do that." The trial court's comment indicates that it considered treating Steele as a first offender but, given the nature of the offense in this case, exercised its discretion not to do so. Nothing in the trial court's comment reveals a mechanical sentencing policy or supports Steele's suggestion that the trial court automatically refuses first offender treatment in all cases involving aggravated assault. Accordingly, the trial court did not err in denying Steele's motion to modify her sentence.[14]

*Judgment vacated and case remanded in Case No. A04A2011. Judgment affirmed in Case No. A04A2012. Eldridge and Adams, JJ., concur.*

DECIDED NOVEMBER 16, 2004.

*Robert A. Maxwell*, for appellant.
*Patrick H. Head, District Attorney, Laura J. Murphree, Amy H. McChesney, Assistant District Attorneys*, for appellee.

---

[14] See *Horton v. State*, 251 Ga. App. 796, 797-798 (3) (554 SE2d 812) (2001); *Camaron v. State*, 246 Ga. App. 80, 82-83 (2) (539 SE2d 577) (2000); *Moore v. State*, 236 Ga. App. 889, 890 (514 SE2d 73) (1999). Compare *Wilcox v. State*, 257 Ga. App. 519, 520 (571 SE2d 512) (2002) (trial court adopted "inflexible rule" regarding first offender treatment by automatically refusing to grant such status in armed robbery cases).