## 52569. PITTMAN v. THE STATE.

STOLZ, Judge.

The defendant was discovered in the apartment of Mr. Pearson when that gentleman returned from a visit with one of his neighbors. During Mr. Pearson's absence a screen had been removed from his bathroom window and the glass broken out of a frame. The apartment had been ransacked. The defendant was convicted of burglary and now appeals from that conviction.

1. The defendant contends that the verdict is contrary to and strongly against the weight of the evidence and that it is contrary to the law and principles of justice and equity. However, there was sufficient evidence of all of the elements of the crime of burglary for a jury to have found the defendant guilty. See *Hopkins v. Sicro,* 107 Ga. App. 691 (2) (131 SE2d 243).

2. The defendant alleges that the trial court committed error in making the following jury charge: "The Court charges you that the defendant enters upon the trial of this case with a presumption of innocence in his favor and the presumption remains with him throughout the trial of the case unless and until the State carries the burden of proving the material allegations of the indictment beyond a reasonable doubt." The defendant suggests that instead of saying "the material allegations" the court should have said "every material allegation." This suggestion, however, is based upon an erroneous interpretation of *Archie v. State,* 137 Ga. App. 386 (4) (224 SE2d 64) and is without merit.

3. The defendant's final enumeration of error deals with the court's charge on the lesser included offense of criminal trespass. The defendant claims that the court erred in charging only subsection (b) (1) of Code Ann. § 26-1503 (Ga. L. 1968, pp. 1249, 1285; 1969, pp. 857, 859) and in not including a charge concerning subsection (a). However, subsections (a) and (b)(1) delineate two completely separate criteria for the misdemeanor of criminal trespass (see *Fullewellen v. State,* 127 Ga. App. 568, 569 (194 SE2d 275)), and it was not error to fail to charge subsection (a).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED SEPTEMBER 20, 1976 — DECIDED SEPTEMBER 28, 1976.

*Robert C. Ray,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.