## 36825. CANNON v. THE STATE.

UNDERCOFLER, Chief Justice.

Melvin Cannon challenges the imposition of restitution as a condition of probation under Code Ann. Ch. 27-30 as unconstitutional. The trial court denied the challenge and he appeals. We affirm.

On May 15, 1980, Cannon was indicted for driving while his license was revoked under the habitual violator statute, driving under the influence and hit and run on March 28, 1980. On July 9, 1980, Cannon pleaded guilty to the habitual violator count and nolo contendere on the other two counts. At the guilty plea hearing, his appointed attorney challenged the restitution part of the sentence of four years with six months to serve, a $250 fine, and payment of his attorney fees and $1710 restitution, on the ground that "the statute having to do with restitution or any other provision for granting restitution in a case like this is in violation of the other laws of the State of Georgia and the Constitution of the State of Georgia primarily because of the fact that the victim in this case has a right to bring a civil action against Mr. Cannon and have the question of both fault and damages ascertained and determined by a jury."

1. On appeal, Cannon first contends that the application of

Code Ann. Ch. 27-30 is an unconstitutional retrospective application of the law, (Code Ann. §§ 2-107, 102-104;), since he committed the violation on March 28, 1980, and the effective date of the statute is April 1, 1980. Ga. L. 1980, p. 1382. In so arguing, Cannon recognizes that the prohibition of ex post facto laws applies only to substantive, but not procedural, rights. *Eades v. State,* 232 Ga. 735 (208 SE2d 791) (1974); *Winston v. State,* 186 Ga. 573 (198 SE 667) (1938). Since under Code Ann. § 27-2711,[1] Ga. L. 1956, pp. 27, 32; 1958, p. 15; 1965, p. 413, restitution was an authorized condition of probation, the enactment of Code Ann. Ch. 27-30 did not affect his substantive rights, but instead is merely a more detailed enactment regarding restitution. His rights have not changed.[2] Compare *Akins v. State,* 231 Ga. 411 (202 SE2d 62) (1973) (provision for a death penalty, substantive, not applicable retroactively) and *Todd v. State,* 228 Ga. 746 (187 SE2d 831) (1972) (pre-sentence hearing provision, procedural, applicable retroactively); *Eades v. State,* supra, (abolishment of unsworn statement, procedural, applicable retroactively).

2. Cannon next urges that the chapter on restitution is unconstitutional because it deprives him of a jury trial on the question of damages contrary to the Georgia Constitution, Code Ann. § 2-3307.[3] This constitutional guarantee applies only to civil damage cases and does not apply to a penalty to be determined by the court in a criminal case.[4] Thus this argument has no merit.

3. Lastly, Cannon contends that Code Ann. Ch. 27-30 is

---

[1]"The court shall determine the terms and conditions of probation and may provide that the probationer shall . . . (7) make reparation or restitution to any aggrieved person for the damage or loss caused by his offense in an amount to be determined by the court. . ."

[2]"The legislation of North Carolina in question in this case, did not make that a criminal act which was innocent when done; did not aggravate an offence *or change the punishment and make it greater than it was when it was committed;* did not alter the rules of evidence and require less or different evidence than the law required at the time of the commission of the offence; and did not deprive the accused of any substantial right or immunity possessed by them at the time of the commission of the offence charged; and the law granting to the State the right of appeal from the Superior Court to the Supreme Court of the State was not an ex post facto law." Mallett v. North Carolina, 181 U. S. 589 (1901). (Emphasis supplied.)

[3]"The Court shall render judgment without the verdict of a jury *in all civil cases,* except actions ex delicto, where no issuable defense is filed except as otherwise provided in this Constitution, and subject to the right of trial by a jury on written demand of either party." (Emphasis supplied.)

[4]This chapter contemplates that a civil action may be filed and allows for a set-off since damages under the restitution provisions are more limited. Code Ann. §§ 27-3002 (c), 27-3009—27-3011.

constitutionally defective in denying him a hearing on the damage issue and, therefore, due process of law. We find that Code Ann. §§ 27-3008 through 27-3010 contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof. Morgan v. Wofford, 472 F2d 822 (5th Cir. 1973) (holding that a hearing is necessary on the damages question).[5] It is clear from the transcript that the trial court after denying Cannon's constitutional challenge, conducted a hearing which covered the points set out in § 27-3010. Cannon presented no other defense than the constitutional grounds and did not contest the evidence of damages presented by the State.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 7, 1980 — DECIDED NOVEMBER 25, 1980.

*Claude W. Hicks, Jr.,* for appellant.
*W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney,* for appellee.

---

[5]We note here that former Code Ann. § 27-2711 (7) contained the proviso "that no reparation or restitution to any aggrieved person for the damage or loss caused by his offense shall be made if the amount is in dispute unless the same has been adjudicated. . ."