## 63543. TYSON v. THE STATE.

McMURRAY, Presiding Judge.

This case involves a conviction of burglary of a hog parlor building (used for raising hogs) located in a farming area of Effingham County, Georgia. Defendant's motion for new trial was filed, heard and denied. Defendant appeals. *Held:*

1. The farmer victim testified that he had been missing hogs and other items stolen from his hog parlor and had installed a burglar alarm system which alerted him as to the burglary of the building. Law enforcement officers were notified and promptly responded to investigate. The defendant was arrested in his automobile a short distance away from the parlor covered with sludge from an oxidation pond near the parlor. The defendant admitted he had been to the parlor to get "a bucket or something to get some water" for his automobile which had started "running real hot," saw the police approach, and fell in the "cesspool" as he fled to get back to his automobile.

During examination of a state's witness with reference to items seen in plain view in the automobile at the time of defendant's arrest was testimony as to "a pair of plyers," "a screwdriver," strips of hay wire and "a set of numb chucks" (two sticks connected with a chain).

Defendant's first enumeration of error complains that the trial court failed to exclude the above evidence over timely objection as to these physical items "seized at the time of the [defendant's] arrest."

However, upon examination of the transcript we find no objection to the testimony with reference to the items seen in plain view in the automobile. For this reason alone this argument is not meritorious as to the plain view items. However, defendant's argument is that he had filed a motion for discovery as to the inventory and these items did not appear on any such list and were not furnished for examination. It is true that later during the examination of the witness an objection was made that this testimony should be excluded as to the items of the inventory search since defense counsel had not been notified of same by reason of his motion for discovery. The items were not submitted in evidence but only the testimony as to what the witness officer found at the scene at the time of the arrest of the defendant and also as to some sacks found in the trunk of the automobile at the time of the inventory of the automobile. These materials were not a part of the state's files and the state is not required to disclose information which is not found in its files. See *Hicks v. State,* 232 Ga. 393, 396 (207 SE2d 30). There is no evidence that these items were seized by the officer who merely testified as to seeing them in the automobile both before and after the inventory search "the croaker sacks" being found in the trunk. There is no merit in this complaint.

2. Defendant's second enumeration of error complains of the sufficiency of the evidence to convict, that is, the verdict is unsupported by the evidence and contrary to the principles of law and justice. After a careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offense of burglary. See in this connection *Moses v. State,* 245 Ga. 180 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678).

3. With reference to the third enumeration of error as to the denial of defendant's motion for new trial, we find no further argument, and the general grounds of the motion have been covered above.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED MARCH 15, 1982.

*Robert Simmons Lanier, Jr.,* for appellant.
*J. Lane Johnston, District Attorney, N. Jackson Cotney, Assistant District Attorney,* for appellee.