65323. JOHNSTON v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for the offense of theft by taking of more than $200 from her employers over the period of time she was employed in their gift shop. She was found guilty by a jury and the trial court sentenced her to five years, to serve eight months in a Women's Diversion Center and the balance on probation, providing she make restitution in the amount of $7,738.75 and pay a monthly probation supervision fee. She asserts four enumerations of error on her appeal. *Held:*

1. Defendant first contends that the trial court erred in denying her motion for discovery. See OCGA § 24-10-26 (formerly Code Ann. § 38-801 (g) (Ga. L. 1966, p. 502; 1968, pp. 434, 435; 1968, p. 1200; 1978, pp. 925, 926; 1980, pp. 70, 71; 1980, pp. 439, 440; 1982, p. 982)); OCGA § 24-10-22 (formerly Code Ann. § 38-801 (b), supra); and OCGA § 24-10-29 (formerly Code Ann. § 38-802 (Ga. L. 1966, pp. 502, 504)). She refers to a notice to produce served upon the state and two

subpoenas served upon the storeowners.

The notice to produce demanded the state "produce and have upon the trial . . . and at all hearings" all documents connected with the prosecution of the case. The subpoenas, filed four days before the trial, demanded the storeowners have with them in court all relevant records as specified in the subpoenas. There is no indication in the record that either the state or the storeowners failed to comply. On the contrary, after defendant raised the issue immediately prior to trial, the state informed her and the court that the relevant records were then available. Defendant apparently did not take advantage of the opportunity to review the records. We find this contention to be without merit.

2. Defendant next contends that the trial court erred in ordering an amount of restitution derived by the probation department from its pre-sentence investigation, asserting that she was entitled to an adjudication of the amount. This contention is meritless as well. A defendant is only entitled to adjudication of the restitutionary amount when that amount is in dispute. In the case sub judice, defendant failed to dispute it. OCGA § 42-8-35 (7) (formerly Code Ann. § 27-2711 (7) (Ga. L. 1956, pp. 27, 32; 1958, pp. 15, 23; 1965, pp. 413, 416)); *Cobb v. State,* 162 Ga. App. 314, 316 (4) (291 SE2d 390); *Johnson v. State,* 156 Ga. App. 511 (274 SE2d 669). That the state failed to prove the amount at trial is of no consequence because the state was only required to prove that defendant stole in excess of $200. See former Code Ann. § 26-1812 (a) (Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842; 1978, pp. 1457, 1458; 1981, pp. 1552, 1553, 1576) (now OCGA § 16-8-12 (1), effective November 1, 1982, which substituted $500 for $200).

3. Defendant also contends that her retained counsel provided her ineffective assistance. She asserts a number of alleged errors in support of this contention; those supported by the record being that her counsel failed to challenge the arrest warrant, failed to move to quash the indictment and failed to object to the order of restitution.

We are not persuaded that counsel's failure to challenge the arrest warrant was an error and we agree with counsel's determination that the indictment was not materially objectionable. Failure to dispute the amount of restitution may have been an error, but that of itself would not constitute ineffective assistance. In looking to the representation provided as a whole, we find that it was reasonably effective. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515); *Spence v. State,* 163 Ga. App. 198 (1) (292 SE2d 908).

4. Defendant also raises the general grounds. After a careful review of the entire record and transcript, we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found

from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offense of theft by taking, a felony. See *Moses v. State,* 245 Ga. 180 (1) (263 SE2d 916); *Rachel v. State,* 247 Ga. 130, 131 (1) (274 SE2d 475); *Tyson v. State,* 161 Ga. App. 653, 654 (2) (289 SE2d 527).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED MARCH 16, 1983.

*Thomas M. Spence,* for appellant.

*W. Bryant Huff, District Attorney, Gerald W. Brown, Assistant District Attorney,* for appellee.