## 72737. WILLIAMS v. THE STATE.
(350 SE2d 837)

POPE, Judge.

Defendant was indicted and convicted of criminal damage to property in the second degree, public drunkenness and obstruction of an officer, and was also indicted on the offense of burglary and found guilty of the lesser offense of criminal trespass. Defendant was sentenced to serve five years on the criminal damage to property conviction; the last three years of that sentence, however, were to be served on probation provided defendant paid restitution to the victim in the amount of $3,595. Defendant was sentenced to 12 months for his conviction of criminal trespass, to run consecutively to the criminal damage sentence. Defendant was also sentenced to a total of 9 additional months for the remaining charges, to run concurrently with his sentence for criminal damage to property in the second degree.

1. In his first enumeration of error, defendant contends that the trial court expressed or intimated an opinion concerning his guilt in violation of OCGA § 17-8-57. Specifically, defendant attacks the following statement, which was made during the trial court's charge on the offense of criminal damage to property in the second degree: "I instruct you that criminal damage to property, I believe this is in the second degree, is defined as follows, and yes, it is criminal damage to property in the second degree." Defendant contends that the jury could have believed this statement to express the opinion of the court concerning whether the State had proved its case of criminal damage to property in the second degree, or that defendant was guilty of such offense. We disagree. We do not believe that the charge as a whole would mislead a jury of ordinary intelligence. See *Mathis v. State*, 153 Ga. App. 587 (1a) (266 SE2d 275) (1980). "Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cit.]" *Campbell v. State*, 149 Ga. App. 299, 301 (254 SE2d 389), cert. den., 444 U. S. 933 (1979).

Defendant also attacks the last sentence of the following statement by the trial court: "The defendant denies that he is guilty of the offenses charged against him, among other things he contends that the State has failed to prove his guilt to a moral and reasonable certainty and beyond a reasonable doubt. He also contends that he was intoxicated, and does not remember." Defendant contends that this statement was contrary to his plea of not guilty to the public drunkenness charge and therefore violated OCGA § 17-8-57. We find this contention to also be without merit. It is permissible for the trial court to charge on the defendant's contentions. *Moses v. State*, 245

Ga. 180 (2b) (263 SE2d 916), cert. den., 449 U. S. 849 (1980). Although the defendant pled not guilty to the charge of public drunkenness, he requested a charge on voluntary intoxication. Immediately following the excepted-to statement, the trial court charged the jury on voluntary intoxication, although the charge was not the one requested by defendant. (See Division 2, infra.) When viewed as a whole, we find that the charge as given did not violate OCGA § 17-8-57.

2. Defendant next contends that the trial court's charge on voluntary intoxication was erroneous. The trial court charged the jury in accordance with OCGA § 16-3-4 (c). The defendant requested a charge to the effect that if the jury found that he was so intoxicated that he could not form the intent required for the crime charged, then he should not be held responsible for that act.

We find that the charge as given correctly stated Georgia law. As noted by the court in *Hutter v. State*, 166 Ga. App. 608 (3) (305 SE2d 124), reversed on other grounds, 251 Ga. 615 (307 SE2d 910) (1983), this issue has been decided adversely to defendant many times. The charge requested by defendant "is misleading to the extent that it implies that voluntary intoxication in and of itself may be a defense to a crime. . . ." *Gilreath v. State*, 247 Ga. 814, 831 (279 SE2d 650) (1981), cert. den., 456 U. S. 984, reh. den., 458 U. S. 1116 (1982). "It is elementary that the trial court is not obligated to give requested jury instructions that do not accurately state the law or that are not adjusted to the evidence. [Cit.]" *Amerson v. State*, 177 Ga. App. 97 (4) (338 SE2d 528) (1985). Defendant's reliance on *Blankenship v. State*, 247 Ga. 590 (3) (277 SE2d 505) (1981), and *Ely v. State*, 159 Ga. App. 693 (285 SE2d 66) (1981), both cases in which a charge similar to the one requested by defendant was upheld, is misplaced. In *Blankenship*, the court noted that the charge given was more favorable than required. In *Ely*, the issue was not whether the court correctly charged the jury on the issue of intoxication but whether the evidence showed defendant was so intoxicated he could not form the specific intent necessary to convict him of the crimes charged. Although giving passing approval to the charge as given, the court found sufficient evidence to support the jury's verdict against defendant on the intoxication issue. Thus, neither of these cases support the proposition that the trial court erred in refusing to charge as per defendant's request.

3. Defendant also enumerates as error the trial court's order that the defendant pay restitution as a pre-condition to probation.

(a) Defendant first contends that restitution was improperly imposed as a condition of probation because the actual amount of damage was never adjudicated. Under OCGA § 42-8-35 "[a] defendant is only entitled to adjudication of the restitutionary amount when that

amount is in dispute." *Johnston v. State*, 165 Ga. App. 792, 793 (302 SE2d 708) (1983). Thus, as a prerequisite to such an adjudication, the defendant must dispute the amount of restitution ordered by the trial court. *Cobb v. State*, 162 Ga. App. 314 (4) (291 SE2d 390) (1982). Moreover, " 'a defendant who does not agree to the amount of restitution ordered by the trial court is normally required to contest the issue at the time the condition is imposed.' [Cit.]" *Johnson v. State*, 157 Ga. App. 155, 156 (276 SE2d 667) (1981). Since the record discloses that defendant never disputed or contested the amount of restitution ordered, we find this contention to be without merit.

(b) Defendant also asserts as error the trial court's failure to comply with OCGA § 17-14-10. That section provides as follows: "In determining the nature and amount of restitution, the ordering authority shall consider: (1) The present financial condition of the offender and his dependents; (2) The probable future earning capacity of the offender and his dependents; (3) The amount of damages; (4) The goal of restitution to the victim and the goal of rehabilitation of the offender; (5) Any restitution previously made; (6) The period of time during which the restitution order will be in effect; and (7) Other appropriate factors which the ordering authority deems to be appropriate."

This court recently considered the effect of this code section in *Garrett v. State*, 175 Ga. App. 400 (1) (333 SE2d 432) (1985). In *Garrett*, the defendant, who had been ordered to pay restitution as a condition of probation, challenged the trial court's making oral rather than written findings on the issue of restitution. The court noted that OCGA § 17-14-10 does not expressly require the court to make a written record of its consideration of the factors enumerated in OCGA § 17-14-10 but cited *Cannon v. State*, 246 Ga. 754 (3) (272 SE2d 709) (1980), for the proposition that a hearing and specific written findings are contemplated by that section. The court found that the record of the hearing did not disclose what the trial court found as fact or that it considered the statutory factors. The court also noted that "some of the legislatively-mandated factors were not orally discussed at all." *Garrett* at 402. The court remanded the case with instructions to prepare written findings of fact of the factors in OCGA § 17-14-10 and to hold a hearing concerning same, if the trial court deemed that it lacked sufficient information to consider these factors at the time of the original hearing.

We think that the holding in *Garrett* is controlling. The transcript in the case sub judice does not disclose what, if any, consideration was made of the factors mandated by OCGA § 17-14-10. "As the record does not show totally what information the court had before it, it may be that the information was sufficient to allow a consideration of the required factors. If not, another hearing will be necessary. The

trial court is the best judge of that." *Garrett* at 403. Thus, we remand this case to the trial court for a hearing, if necessary, and preparation of written findings of fact related to the factors in OCGA § 17-14-10.

(c) Defendant also contends that the sentence imposed against him is illegal under the holding of *Bearden v. Georgia*, 461 U. S. 660 (103 SC 2064, 76 LE2d 221) (1983). *Bearden* involved probation revocation proceedings instituted for defendant's failure to pay restitution. Here the trial court conditioned defendant's probation on the payment of $3,595, said restitution to be paid "on or before the 24th day of March, 1985." (Sentencing was on February 22, 1985.) We find that defendant has failed to show the record facts necessary for the adjudication of this issue. The facts as shown in the trial court's written sentence and the transcript from the sentencing portion of the trial are the only facts before the court concerning defendant's probation. We do not know if defendant has, in fact, paid restitution to his victim, whether his probation has been revoked for failure to pay said amount, or any other facts bearing on this issue. It is axiomatic that harmful error must be shown by the record; it may not be done by assertions appearing only in the brief of counsel. *Williams v. State*, 153 Ga. App. 192 (1) (264 SE2d 715) (1980).

4. In his final enumeration of error, defendant contends that the trial court improperly sentenced him to serve consecutive terms on his conviction of criminal damage to property in the second degree and his conviction of criminal trespass because the latter is a lesser included offense of the former. Under OCGA § 16-7-23 (a), "[a] person commits the offense of criminal damage to property in the second degree when he: (1) Intentionally damages any property of another person without his consent and the damage thereto exceeds $500.00 . . . ." Under OCGA § 16-7-21 (a), "[a] person commits the offense of criminal trespass when he intentionally damages any property of another without his consent and the damage thereto is $500.00 or less or knowingly and maliciously interferes with the possession or use of the property of another person without his consent." These sections define identical crimes except for the amount of damage required for conviction. *Merrell v. State*, 162 Ga. App. 886 (3) (293 SE2d 474) (1982).

OCGA § 16-7-21 (a) and (b), however, "delineate two completely separate criteria for the misdemeanor of criminal trespass." *Pittman v. State*, 139 Ga. App. 661 (3) (229 SE2d 135) (1976). Under OCGA § 16-7-21 (b), "[a] person commits the offense of criminal trespass when he knowingly and without authority: (1) Enters upon the land or premises of another person or into any part of any vehicle, railroad car, aircraft, or watercraft of another person for an unlawful purpose. . . ." The trial court charged this section as the lesser offense of burglary, which is defined in OCGA § 16-7-1 as follows: "A person

commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof." The jury thereafter found defendant guilty of criminal trespass, but not of burglary. Defendant does not except to the charge as given but rather limits his challenge here to the alleged improper sentencing. We find his final enumeration of error to be without merit.

We recognize that a defendant may not be convicted of more than one crime if one crime is included in the other or if the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct. OCGA § 16-1-7 (a); *Green v. State*, 170 Ga. App. 594 (2) (317 SE2d 609) (1984). We find that the crimes for which defendant was convicted do not constitute the same offense as a matter of fact or law, and the trial court did not err in imposing consecutive sentences for these separate offenses.

*Judgment affirmed in part and case remanded in part. McMurray, P. J., concurs. Carley, J., concurs in Divisions 1, 2, 3 (a) and (b), and in the judgment.*

DECIDED NOVEMBER 17, 1986.

*William D. Hentz*, for appellant.
*David L. Lomenick, Jr., District Attorney*, for appellee.