74852. IN THE INTEREST OF M. L. R.
(362 SE2d 140)

POPE, Judge.

The appellant is a minor child who was charged with several traffic violations. Pursuant to *In the Interest of L. J. V.*, 180 Ga. App. 400 (349 SE2d 37) (1986), the matter was submitted to the juvenile court. Upon a finding that the minor had committed the offense of following too closely, the juvenile court made an adjudication of delinquency and ordered the minor, inter alia, to relinquish his operator's license until completion of a driver's education course and to make restitution to the victim of his traffic offense in the amount of $250 plus "any other reasonable restitution so that the victim may be compensated for his loss." The juvenile court denied the minor's motion to require the court to retain the record of the proceedings and not to transmit the citation and revocation of license to the Department of Public Safety. The minor argued that the transmittal of the juvenile court record to the Department of Public Safety denied him the protection of the juvenile court system. Therefore, the minor requested trial by jury, which was also denied. The minor appeals the denial of his motions and the order to pay restitution of an unspecified amount.

1. Appellant minor's first and third enumerations of error both relate to the juvenile court's denial of the motion to retain the record of these proceedings in the court and also the court's order that the Department of Public Safety be notified of the proceedings. Accordingly, these two enumerations will be addressed as one.

The law provides generally that juvenile court records are to remain confidential. See OCGA §§ 15-11-58 and 15-11-59. However, an exception to this rule is carved out for proceedings relating to juvenile traffic offenses. The hearing on a juvenile traffic offense must be open to the public. OCGA § 15-11-49 (e). Where, as in the case at hand, the minor is found to have committed a delinquent act, the juvenile court is authorized to suspend the minor's driver's license. OCGA § 15-11-35 (b). The juvenile court is required by OCGA § 15-11-35 (b) to notify the Department of Public Safety of the suspension of a driver's

license.[1] Such notification is consistent with the duty of the Department of Public Safety to maintain an individual record of each licensee for the purpose of issuing and renewing operator's licenses. Therefore, the juvenile court did not err in notifying the Department of Public Safety of the proceedings in this case. Nevertheless, pursuant to OCGA § 15-11-59 (a), it appears that the traffic citation records of juveniles shall be kept separate from the records and files of adult drivers.

2. "All hearings [of the juvenile court] shall be conducted by the court without a jury." OCGA § 15-11-28 (a). Therefore, the court did not err in denying the minor's motion for trial by jury and his second enumeration of error is denied.

3. Appellant minor also challenges that portion of the juvenile court's order which, in addition to the specified sum of $250, requires him to pay "any other reasonable restitution so that the victim may be compensated for his loss." The juvenile court is authorized to order restitution in accordance with the same requirements governing restitution by adult offenders. OCGA §§ 15-11-35 (a) (5) and 17-14-5 (b). One of the factors to be considered by the juvenile court, or any other authority ordering restitution, is the amount of the victim's damages. OCGA § 17-14-10 (3). Appellant minor is entitled to judicial determination not only that restitution shall be ordered vel non but also the precise amount thereof if so ordered. *Cannon v. State*, 246 Ga. 754 (3) (272 SE2d 709) (1980). Therefore, we remand the order of restitution to the juvenile court to amend the order as to the amount of restitution imposed and for any further proceeding which may be necessary to determine the amount of the victim's damages. See *Garrett v. State*, 175 Ga. App. 400 (1) (333 SE2d 432) (1985).

*Judgment affirmed and case remanded with direction. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 19, 1987.

*Michael L. Russo*, for appellant.
*Joseph J. Drolet, Richard E. Hicks, George J. Robinson, Jr., Assistant District Attorneys*, for appellee.

---

[1] We note that newly promulgated Rule 13.7 of the Uniform Rules for the Juvenile Courts of Georgia sets forth the proper procedure for notifying the Department of Public Safety of the disposition of all moving violations and serious traffic offenses. Because this rule became effective July 1, 1987, after the hearing in this case, it does not apply to the case at hand.