## A05A1061. LUMMUS v. THE STATE.
(618 SE2d 692)

BLACKBURN, Presiding Judge.

Following a jury trial, Alfred Lummus appeals his conviction for burglary, contending that the trial court erred by: (1) denying his request to instruct the jury to consider admissions or confessions made by him with care and caution pursuant to OCGA § 24-3-53;[1] (2) denying his request to charge the jury on his sole defense of mistake

---

[1] OCGA § 24-3-53 provides: "All admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction."

of fact; and (3) imposing restitution without appropriate findings and a hearing as required by OCGA § 17-14-10. For the reasons set forth below, we affirm Lummus's conviction but vacate the order of restitution and remand for a hearing thereon.

Viewed in the light most favorable to the verdict, the record shows that, on March 9, 2003, Lummus and his wife illegally entered a storage facility using a borrowed entry code at least four times and removed property from Eric Olds's storage unit without permission. At trial, Lummus admitted that he walked inside the unit and took property that he knew had not been discarded and did not belong to him. This evidence was certainly sufficient to support the verdict. See *Jackson v. Virginia*.[2]

1. Lummus contends, however, that the trial court erred by denying his request to instruct the jury to consider his admissions with caution pursuant to OCGA § 24-3-53. A review of the record, however, shows that Lummus has failed to preserve this issue for consideration on appeal.

After Lummus requested this charge, the parties entered into a colloquy with the trial court in which it was determined that Lummus's requested charge was sufficiently covered by a standard charge on credibility. Lummus's counsel then stated: "Just so long as you charge on credibility." In response, the trial court replied: "I'll give [a charge on] credibility. I will not give Defendant's [requested charge]." Lummus thereafter acquiesced in this decision and raised no objection. "A defendant cannot acquiesce in a trial court's ruling below and then complain about that ruling on appeal." *Beasley v. State*.[3]

This enumeration, therefore, has no merit.

2. Lummus contends that the trial court erred by denying his request to charge the jury on his sole defense of mistake of fact. This charge, however, was not applicable under the facts of this case.

During her testimony, Lummus's wife testified that, prior to removing items from Olds's storage unit, she witnessed two women in a truck near Olds's storage unit. She further testified: "[O]ne of the women . . . hollered out do you want me to close the door? And she said: I don't care what they do with the rest of it, or something in that similarity, I don't know exactly what she said, but the way I took it they weren't coming back for what was left." Lummus's wife later admitted, however, that she never asked the woman whether she was referring to Olds's storage unit, and she did not know who owned the items located therein.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Beasley v. State*, 254 Ga. App. 839, 841 (2) (563 SE2d 909) (2002).

Lummus now contends that, based on this conversation overheard by his wife, he mistakenly believed that the property inside Olds's storage unit was abandoned, and, as such, he was entitled to have the jury charged with the law on mistake of fact.

> Under OCGA § 16-3-5, a person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission. Generally, however, ignorance or mistake of fact constitutes a defense to a criminal charge only if it is not superinduced by the fault or negligence of the party doing the wrongful act.

(Punctuation omitted.) *Hines v. State.*[4]

In this case, the rank speculation of Lummus's wife that the unidentified women whom she overheard were abandoning the property in Olds's storage unit does not qualify as the basis of a mistake of fact, as both Lummus and his wife made no attempt to verify this information. At best, therefore, Lummus and his wife negligently acted on the basis of speculative information, and no charge on mistake of fact was required. *Hines*, supra. Moreover, Lummus freely admitted that he wrongfully took Olds's unabandoned property without permission.

This enumeration has no merit.

3. Lummus contends that the trial court erred by imposing restitution without appropriate findings and a hearing pursuant to OCGA § 17-14-10. We must agree.

> Before ordering restitution, a trial court must hold a hearing to determine whether restitution is appropriate and, if so, the amount that should be paid. OCGA § 17-14-10 requires that the trial court consider several factors in making this determination, including the offender's present financial status, the offender's probable future earning capacity, the goals of the restitution order, and the amount of damages suffered by the victim. Following the restitution hearing, "the court must make written findings of fact relating to each of the factors set forth in OCGA § 17-14-10." Failure to make such written findings renders the restitution order deficient.

---

[4] *Hines v. State*, 276 Ga. 491, 494-495 (5) (578 SE2d 868) (2003).

(Footnotes omitted.) *Steele v. State.*[5]

In this case, the trial court neither held a required hearing nor made the proper written findings. Under these circumstances, we must vacate the trial court's sentence to the extent that it imposed restitution and remand this case for a hearing and entry of a new order and sentence that includes the required written findings. *Steele*, supra at 490-491.

*Judgment affirmed in part, sentence vacated in part and case remanded. Miller and Bernes, JJ., concur.*

DECIDED JULY 27, 2005.

*John T. Strauss, Edgar A. Callaway, Jr.*, for appellant.
*W. Kendall Wynne, District Attorney, Melanie B. McCrorey, Assistant District Attorney*, for appellee.

---

[5] *Steele v. State*, 270 Ga. App. 488, 489 (606 SE2d 664) (2004).