A06A0073. REGISTER v. THE STATE.
(630 SE2d 593)

ANDREWS, Presiding Judge.

Travis Bobby Register was indicted on allegations that he intentionally caused damage in excess of $500 to the victim's truck, and he was charged under the indictment with felony criminal damage to property in the second degree pursuant to the provisions of OCGA § 16-7-23 (a) (1) requiring proof of property damage in excess of $500. Register subsequently entered a negotiated guilty plea to the lesser included misdemeanor offense of criminal trespass, which under OCGA § 16-7-21 (a) prohibits intentional damage to another person's property where the damage is equal to or less than $500. After a restitution hearing, the trial court found that the victim's truck was damaged in the amount of $1,624.87 and ordered as a condition of Register's probation sentence that he pay the victim $1,624.87 restitution for damage to the truck. Register appeals from the restitution portion of his sentence claiming that the trial court erred (1) by ordering him to pay restitution in excess of $500 for damage to the truck, and (2) by failing to enter written findings of fact on all of the factors set forth in OCGA § 17-14-10. For the following reasons, we vacate the restitution order and remand the case for a new restitution hearing.

When restitution is disputed, the trial court must hold a hearing before ordering restitution to determine the nature and amount of

---

[8] See *Sims v. State*, 165 Ga. App. 881, 884 (5) (c) (303 SE2d 60) (1983).
[9] See *Strickland v. State*, 247 Ga. 219, 223 (13) (275 SE2d 29) (1981).

restitution that should be paid, if any, and must consider all of the factors set forth in OCGA § 17-14-10 and make written findings of fact in its restitution order relating to the various factors. *McMahon v. State*, 273 Ga. App. 574, 575 (615 SE2d 625) (2005); *Steele v. State*, 270 Ga. App. 488, 489 (606 SE2d 664) (2004); OCGA § 42-8-35 (a) (7). In ordering Register to pay restitution, the trial court considered the factors set forth in former OCGA § 17-14-10, which was in effect at the time of the criminal offense and the restitution hearing. Subsequent to the restitution hearing, OCGA § 17-14-10 was amended effective July 1, 2005, by the Crime Victims Restitution Act of 2005 (Ga. L. 2005, p. 88, §§ 1, 5), which modified and added to the factors to be considered. In reviewing a criminal conviction and sentence, an appellate court applies the law as it exists at the time its opinion is rendered, unless application of new law which did not exist at the time of the criminal offense would violate federal or state ex post facto constitutional provisions. *State v. Martin*, 266 Ga. 244, 245-246 (466 SE2d 216) (1996); *Todd v. State*, 228 Ga. 746, 751-753 (187 SE2d 831) (1972). In general, laws passed after the commission of the criminal offense at issue are ex post facto laws and cannot be retroactively applied when they

> make criminal an act which was innocent when done, inflict a greater punishment than was permitted by the law in effect at the time of the offense, change the quality or degree of the offense, require less or different evidence for conviction than that required at the time of the offense, or deprive the defendant of a substantial right or immunity he possessed at the time of the offense.

*Postell v. Humphrey*, 278 Ga. 651, 653 (604 SE2d 517) (2004). Because the new version of OCGA § 17-14-10 does nothing more than mandate consideration of additional evidence that the trial court was not required to consider but could have considered under the prior statute, we find that it does not violate ex post facto constitutional provisions and applies to the present case. *Love v. State*, 271 Ga. 398, 399 (517 SE2d 53) (1999); *Todd*, 228 Ga. at 751-752. Accordingly, even if the trial court correctly considered and addressed the factors set forth under the former version of OCGA § 17-14-10, we vacate the restitution order and remand the case with direction that the trial court conduct a new restitution hearing to consider all the factors set forth in OCGA § 17-14-10, as amended.

We also find under the facts of this case that Register's guilty plea to the offense of criminal trespass prohibits the trial court from ordering him to pay the victim in excess of $500 restitution for damage to the truck. The indictment charged that Register caused

damage in excess of $500 to the victim's truck, and he was charged with criminal damage to property in the second degree pursuant to the felony provisions of OCGA § 16-7-23 (a) (1) requiring proof of property damage in excess of $500. But the record shows that Register subsequently entered a negotiated guilty plea to the lesser included misdemeanor offense of criminal trespass, which under OCGA § 16-7-21 (a) prohibits property damage equal to or less than $500. Although payment of restitution in some amount was contemplated as a condition of the plea agreement, there is nothing in the record to support the State's contention that Register agreed as a condition of the negotiated plea that the victim's truck was damaged in the amount of $1,624.87, or that he would pay restitution for damage to the truck up to that amount if ordered by the trial court pursuant to the restitution hearing.[1]

Because the amount of restitution was in dispute, the trial court held a restitution hearing to determine restitution. *Williams v. State*, 180 Ga. App. 854, 855-856 (350 SE2d 837) (1986); OCGA § 42-8-35 (7). As Georgia public policy, a primary concern of the criminal justice system is that those found guilty of crimes pay restitution to the victims of the crimes. OCGA § 17-14-1. Restitution forces criminal defendants to take responsibility for damage they have caused, helps deter crime, and "is punishment when ordered as part of a criminal sentence." *Harris v. State*, 261 Ga. 859, 860 (413 SE2d 439) (1992). Under former statutes existing at the time of the offense and the amended versions of the same statutes under the Crime Victims Restitution Act of 2005, restitution cannot exceed the "victim's damages" (see former and amended versions of OCGA § 17-14-9), "which a victim could recover against an offender in a civil action . . . *based on the same act or acts for which the offender is sentenced. . . .*" (Emphasis supplied.) See former and amended versions of OCGA § 17-14-2 (2). Moreover, as a condition of a probated sentence, OCGA § 42-8-35 (a) (7) provides that a court may order a defendant to "[m]ake reparation or restitution to any aggrieved person for the *damage or loss caused by the probationer's offense*, in an amount to be determined by the court." (Emphasis supplied.)

---

[1] There was no evidence that Register offered a restitution plan pursuant to former OCGA § 17-14-7 for consideration by the trial court, or that he consented to or acquiesced in the amount of restitution ordered. *Steele*, 270 Ga. App. at 490; *Garrett v. State*, 175 Ga. App. 400, 401 (333 SE2d 432) (1985). Although the trial court initially entered a restitution order in the amount of $1,624.87, this order was superceded when the amount was disputed and subsequently determined pursuant to the restitution hearing. There is nothing in the record showing that Register agreed to the amount in the initial order as a part of the negotiated plea.

In the present case, Register was found guilty and sentenced for commission of the offense of criminal trespass by intentionally causing damage to the victim's truck in an amount equal to or less than $500. An essential element of criminal trespass as set forth in OCGA § 16-7-21 (a) is that the intentional act constituting the offense caused damage to the victim's truck in the amount of $500 or less. If the parties had agreed as part of the negotiated plea that Register caused $1,624.87 of damage to the victim's truck, the trial court would have been authorized to order him to pay the victim restitution up to that amount for damage to the truck. But in the absence of any agreement on the damage to the truck, the $500 limit set forth in OCGA § 16-7-21 (a) was the maximum amount that the trial court could order Register to pay as restitution for damage to the truck.[2] See *Barnes v. State*, 239 Ga. App. 495, 497 (521 SE2d 425) (1999) (recognizing the trial court's reduction of restitution awards to $500 or less in a criminal trespass case based on the provisions of OCGA § 16-7-21 (a)); *Rice v. State*, 226 Ga. App. 770, 774 (487 SE2d 517) (1997) (limiting restitution award based on the elements of the criminal offense).

*Order of restitution vacated and case remanded with direction. Barnes and Bernes, JJ., concur.*

DECIDED APRIL 21, 2006.

*Judson L. Green IV*, for appellant.
*Louie C. Fraser, District Attorney, Samuel R. Dixon, Assistant District Attorney*, for appellee.

---

[2] We rule only that restitution for damage to the victim's property which was the subject of the criminal trespass was limited under the present facts to a maximum of $500. We do not limit a trial court's authority to find under similar circumstances that a victim incurred other damages for which a defendant could be ordered to pay additional restitution. See OCGA § 17-14-2 (2). Furthermore, this ruling does not limit the ability of the parties to agree on the amount or type of restitution prior to sentencing. See OCGA § 17-14-7 (b).