A06A0237. IN THE INTEREST OF C. S., a child.
(635 SE2d 176)

PHIPPS, Judge.

C. S. appeals a juvenile court order extending his probation, arguing that the extension impermissibly imposed upon him the

condition that he pay restitution. Because the order does not contain requisite findings pertaining to factors set forth in OCGA § 17-14-10, such as the offender's financial condition, the order must be vacated to the extent that it imposes restitution. The case is remanded for proceedings not inconsistent with this opinion.

In July 2004, the juvenile court entered an order that adjudicated 15-year-old C. S. delinquent for committing acts that, had he been an adult, would have constituted two counts of felony theft by receiving. The court also entered a restitution order stating that C. S. and another juvenile "shall jointly and severally pay restitution" of $2,638.82 at the rate of $200 per month. In addition, the court entered an order placing C. S. under six months probation and outlining a number of conditions. One such condition provided that "[C. S.] shall pay half of the restitution amount of 2,638.82." None of these orders contained written findings of fact relating to the factors set forth in OCGA § 17-14-10.

C. S. did not pay the restitution, and in January 2005, the court extended probation for six months to accomplish the purpose of the probation order. This order stated that C. S. "shall pay at least $10.00 per week to be applied against the restitution previously ordered"; it also contained no findings relative to the factors set forth in OCGA § 17-14-10.

Shortly before the extended probation period was due to lapse, the juvenile court ordered C. S. to appear at a hearing on whether probation should be extended again, citing its concern that C. S. had failed to make restitution. Through counsel, C. S. responded that he was, and always had been, financially incapable of paying restitution; and that the juvenile court had never made requisite written findings pertaining to his financial condition. Counsel asserted, "We have a 16 year old who has to go around subject to $1319 over his head that he cannot afford to pay." Counsel further argued that a juvenile court has no authority to extend probation for the purpose of requiring an offender to pay restitution, citing OCGA § 15-11-70 (a) (3). At the hearing, the juvenile court stated that, prior to entering the initial probation order in July 2004, it "was informed" that C. S. and the other juvenile had offered to pay restitution "at the rate of $200 per month indicating that they could and would obtain employment that would enable them to make these payments. . . . [S]o we're not relitigating that." Rejecting the argument that probation could not be extended for the payment of restitution, the court thereafter entered on June 27, 2005 an order extending C. S.'s probation. Within 30 days of such entry, C. S. filed a notice of appeal from that order. He later filed an amended notice of appeal, stating that he was also appealing the restitution order entered in July 2004 and the first extension order entered in January 2005.

1. As an initial matter, we consider the state's argument that, to the extent C. S. is challenging orders entered more than 30 days prior to the filing of any notice of appeal, this appeal should be dismissed as untimely.[1]

Unquestionably, C. S. has timely appealed the June 2005 order, and in the following divisions,[2] we address C. S.'s claims pertaining to that order and conclude that it must be vacated to the extent that it imposes restitution. This conclusion and the resulting remand of this case renders moot C. S.'s challenges to the earlier orders. Therefore, the state's jurisdictional argument focusing on these earlier orders is also moot.

2. Citing OCGA § 15-11-70 (a) (3), C. S. contends that the juvenile court was not authorized to extend his probation for the purpose of payment of restitution. He asserts that, in doing so, the juvenile court impermissibly assumed a prosecutorial role.

OCGA § 15-11-70 (a) (3) is inapplicable here because subsection (a) pertains to "an order of disposition committing a delinquent or unruly child to the Department of Juvenile Justice." What is applicable here is subsection (b), and it allows for a juvenile probation order to be extended if, among other things, "[a] hearing is held prior to the expiration of the order upon motion of a party or on the court's own motion."[3] Moreover, at the time the extension order was entered, OCGA § 17-14-5 declared as state policy that "the goal of restitution is consistent with the goal of rehabilitation of delinquent or unruly juveniles and to seek to provide restitution in such cases."[4] That Code section further provided, "The juvenile courts are expressly authorized to order restitution as a condition or limitation of the probation of delinquent or unruly juveniles in the same manner as is authorized by this article [comprised of OCGA §§ 17-14-1 through 17-14-17 and pertaining to restitution] for adult offenders."[5] OCGA § 17-14-5 continued, "For purposes of ensuring compliance with the order, the juvenile courts are authorized to retain jurisdiction over a juvenile

---

[1] See *Miller v. State*, 264 Ga. App. 801, 803-804 (c) (592 SE2d 450) (2003); compare *In the Interest of I. S.*, 278 Ga. 859 (607 SE2d 546) (2005).

[2] See Divisions 2 and 3, infra.

[3] OCGA §§ 15-11-70 (b) (1) (certain orders of disposition in delinquency proceedings may be extended); 15-11-66 (a) (2) (A) (dispositions in delinquency proceedings include an order placing the child on probation under conditions and limitations the court prescribes).

[4] OCGA § 17-14-5 (a) (2004).

[5] OCGA § 17-14-5 (b) (2004); see also *In the Interest of M. L. R.*, 184 Ga. App. 576, 577 (3) (362 SE2d 140) (1987) (juvenile courts are authorized to order restitution in accordance with the same requirements governing restitution by adult offenders).

subject to a restitution order for a reasonable period after the juvenile reaches the age of majority."[6] Accordingly, this contention is without merit.

3. C. S. challenges the extension of his probation for the purpose that he make restitution, maintaining that he has always been financially unable to pay the restitution. He points out that, in ordering the extension, the juvenile court made no written findings addressing the factors set forth in OCGA § 17-14-10, some of which focus on the offender's current financial condition.

> Before ordering restitution, a trial court must hold a hearing to determine whether restitution is appropriate and, if so, the amount that should be paid. OCGA § 17-14-10 requires that the trial court consider several factors in making this determination, including the offender's present financial status, the offender's probable future earning capacity, the goals of the restitution order, and the amount of damages suffered by the victim. Following the restitution hearing, the court must make written findings of fact relating to each of the factors set forth in OCGA § 17-14-10. Failure to make such written findings renders the restitution order deficient.[7]

OCGA § 17-14-2 defines "restitution order" as "any order, decree, or judgment of an ordering authority which requires an offender to make restitution."[8] In this case, the record makes clear that the order extending probation effectively placed upon C. S. the requirement to make restitution during an upcoming period, thus averting the lapse of the probation with the restitution condition unmet. Under these circumstances, the extension order constituted a restitution order as contemplated by OCGA § 17-14-2. However, such order does not contain the written findings addressing the factors set forth in OCGA § 17-14-10. Moreover, the record indicates that this order to pay restitution was based, not on C. S.'s then present financial status, but on apparently stale information represented to the court about a year prior. Thus, we must vacate the probation extension order to the

---

[6] OCGA § 17-14-5 (c) (2004).

[7] *Lummus v. State*, 274 Ga. App. 636, 638-639 (3) (618 SE2d 692) (2005) (citation and punctuation omitted); OCGA § 17-14-10 (2004); see *Garrett v. State*, 175 Ga. App. 400, 403 (1) (333 SE2d 432) (1985) (holding that restitution orders must contain written findings of fact related to the factors in OCGA § 17-14-10); see also *Revis v. State*, 223 Ga. App. 470 (1) (477 SE2d 880) (1996). After the June 2005 extension order was entered in this case, OCGA § 17-14-10 was amended to modify and add factors. Ga. L. 2005, p. 88; see *Register v. State*, 279 Ga. App. 61 (630 SE2d 593) (2006).

[8] OCGA § 17-14-2 (8).

extent that it imposes restitution.[9] This case is remanded for proceedings not inconsistent with this opinion.

4. C. S. contends that extending his probation as a juvenile violated his equal protection rights because probation periods of adult offenders cannot be later expanded as was his. But C. S. failed to assert this argument until his appellate reply brief, and even then, he provided no record cite showing where this issue was preserved below. Consequently, this issue is waived.[10]

*Judgment affirmed in part and vacated in part and case remanded. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JULY 11, 2006 —
RECONSIDERATION DENIED JULY 28, 2006.

*Sherri J. Jefferson, Grayson P. Lane*, for appellant.
*Stephen D. Kelley, District Attorney, W. Franklin Aspinwall, Jr., Assistant District Attorney*, for appellee.
*Buddy M. Mears*, amicus curiae.

---

[9] See *Register*, supra; *McMahon v. State*, 273 Ga. App. 574, 575 (3) (615 SE2d 625) (2005); see generally *Garrett*, supra at 403 (1) (the only way it can be assured that OCGA § 17-14-10 requirements are complied with, and to test compliance, is for a record to be made); see further *Collins v. Lombard Corp.*, 270 Ga. 120, 121-122 (1) (508 SE2d 653) (1998) (case is not moot where an issue is capable of repetition yet evades review); *Baca v. Baca*, 256 Ga. App. 514 (568 SE2d 746) (2002) (issues stemming from an expired six-month protective order were not moot, where issues were capable of repetition and evade review).

[10] See *Nahid v. State*, 276 Ga. App. 687 (624 SE2d 264) (2005); *In the Interest of B. A. S.*, 254 Ga. App. 430, 437 (5) (563 SE2d 141) (2002); *Rahman v. Dalkon Shield Claimants Trust*, 243 Ga. App. 623, 625 (1) (532 SE2d 699) (2000) (constitutional issues not raised and ruled on below are not preserved for appeal).