## A07A1787. McCART v. THE STATE.

(658 SE2d 465)

ADAMS, Judge.

Donald McCart appeals from a judgment of restitution entered against him in connection with his conviction for theft by receiving a stolen truck. McCart entered a plea of nolo contendere and was ordered to pay restitution damages in the amount of $5,306.28. He contends the trial court failed to provide required written findings and the State failed to prove he caused all of the damage to the truck. We hold that written findings are no longer required for awards of restitution to victims of crime under Georgia law. We also find no merit in McCart's second argument.

1. The award of restitution to victims of crime is now governed by the "Crime Victims Restitution Act of 2005," which became effective on July 1 of that year. Ga. L. 2005, p. 88, §§ 1, 8; OCGA § 17-14-1 et seq. In that Act, the General Assembly substantially revised the former Code and repealed all conflicting laws. Ga. L. 2005, p. 88, preface, § 9. The previous Code governing restitution was enacted in 1980, and Section 17-14-8 (a) of that Code provided that "before granting any relief the ordering authority [— the court or other decision maker[1] —] shall make a written finding" of one of four specific alternate outcomes: (1) that there are no victims; (2) that restitution is not reasonably possible; (3) that the defendant has agreed to a restitution plan; or (4) that restitution will be ordered. Ga. L. 1980, p. 1382, § 1 (§ 27-3008). Additionally, Section 17-14-10 provides that in ordering restitution, the ordering authority "shall consider" several economic factors — primarily the damages sustained by the victim and the defendant's financial resources and responsibilities. That Code section, however, has never stated that written findings on the economic factors were required. Yet in 1985, this Court held that before a trial court can order restitution, it must conduct a hearing, consider the factors provided in OCGA § 17-14-10, and make written findings on those factors. Garrett v. State, 175 Ga. App. 400, 401 (1) (333 SE2d 432) (1985).[2] We now hold that changes in the relevant law have undermined the reasoning of Garrett.

The Court in Garrett first reasoned that restitution was intended to obviate the need for a civil suit in tort. And because judges holding bench trials on damages in civil actions were required by OCGA

---

[1] Former OCGA § 17-14-2 (5).

[2] See, e.g., Nobles v. State, 253 Ga. App. 814, 815 (560 SE2d 724) (2002) (restitution order deficient when, despite hearing and a statement that court considered factors listed in OCGA § 17-14-10, trial court failed to include written findings on those factors). Compare Westmoreland v. State, 192 Ga. App. 173, 175 (2) (384 SE2d 249) (1989) (specific written findings may not be required when defendant has induced the error).

§ 9-11-52 (a) to make findings of fact and conclusions of law, the ordering authority should also be required to make such findings in restitution cases. *Garrett*, 175 Ga. App. at 401 (1). In 1987, however, the legislature amended OCGA § 9-11-52 (a) "so as to provide under what conditions findings of fact and conclusions of law must accompany the judgment of a court of record." Ga. L. 1987, p. 1057, § 1. A party must now request such findings and conclusions. Id.; OCGA § 9-11-52 (a).

*Garrett* also relied, in part, on an interpretation of the following statement by the Supreme Court in *Cannon v. State*, 246 Ga. 754, 756 (3) (272 SE2d 709) (1980):

> We find that [former OCGA §§ 17-14-8] through [17-14-10] contemplate a hearing and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof.

(Citation and footnote omitted.) Id. This Court concluded in *Garrett* that the quoted language "indicated . . . a construction" of the restitution statutes that required written findings on the economic factors found in OCGA § 17-14-10. *Garrett*, 175 Ga. App. at 402 (1). But the relevant statement in *Cannon* does not go that far.

Rather, the Supreme Court was referring to the specific written findings expressly required by former OCGA § 17-14-8. Nothing in *Cannon* suggests that written findings on the economic factors were also required. More importantly, the legislature deleted the written finding requirement from OCGA § 17-14-8 in the 2005 Act. Ga. L. 2005, p. 88, § 5.[3] See *E-Lane Pine Hills v. Ferdinand*, 277 Ga. App. 566, 569 (627 SE2d 44) (2006) ("[B]ecause the legislature intended the specific statute to occupy the whole law on its subject, repeal of the specific statute meant that the general statute no longer guaranteed the right even though it could have been interpreted as doing so by its literal terms."). Thus, any reliance *Garrett* placed in *Cannon* for requiring written findings on the economic factors has been undermined.[4]

Finally, *Garrett* reasoned that because the legislature required the ordering authority to take the specified economic factors into account, written findings should be required or appellate review of

---

[3] The 2005 Act deleted the requirement of a written finding from that Code section, and it was not added to any other subsection of Chapter 14. See Ga. L. 2005, p. 88, § 5.

[4] *Garrett* also relied on the preface to the 1980 Act, which indicates that one purpose of the Act is "to provide for required findings. . . ." Ga. L. 1980, p. 1382. There is no such statement, however, in the 2005 Act. Ga. L. 2005, p. 88, preface.

restitution decisions would be meaningless. Id. at 401-402 (1). Standing alone, however, this basis is insufficient to sustain the relevant holding in *Garrett*, especially in light of additional revisions to the law of restitution. In the new act, the legislature specified for the first time which party has the burden of proving each of the economic factors, and it also provided that restitution shall be determined based on the preponderance of the evidence:

> . . . Any dispute as to the proper amount or type of restitution shall be resolved by the ordering authority by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the state. The burden of demonstrating the financial resources of the offender or person being ordered to pay restitution and the financial needs of his or her dependents shall be on the offender or person being ordered to pay restitution. The burden of demonstrating such other matters as the ordering authority deems appropriate shall be upon the party designated by the ordering authority as justice requires.

OCGA § 17-14-7 (b). Given that the defendant has the burden of showing some of the factors, that he or she might forego presenting such evidence, and that the decision is based on the preponderance of the evidence, it is unnecessary to require the ordering authority to make a finding on each factor. An appellate court is capable of reviewing a transcript to determine whether each party has met his or her specified burden and determining whether a restitution award was supported by the preponderance of the evidence.

In summary, because the legislature has repealed the statutory requirement for written findings and because the requirement for written findings found in *Garrett* has been undermined by changes in the law, we hold that as of July 1, 2005, the "ordering authority" was no longer required to make written findings when ordering an offender to make restitution. We note that a hearing on the issue of restitution is still required if the parties cannot agree on an amount prior to sentencing. See OCGA § 17-14-7 (b).

Accordingly, *Garrett v. State* and its progeny are disapproved to the extent they are authority for any cases involving restitution orders issued on or after July 1, 2005, the effective date of the Crime Victims Restitution Act of 2005. Opinions in appellate cases issued after that date, including cases involving restitution orders occurring

prior to that date,[5] are also disapproved to the extent they require written findings when ordering an offender to make restitution: specifically, *Gorham v. State*, 287 Ga. App. 404 (651 SE2d 520) (2007); *In the Interest of R. V.*, 283 Ga. App. 355, 356 (1) (641 SE2d 591) (2007); *Newton v. State*, 281 Ga. App. 549, 556 (4) (636 SE2d 728) (2006); *In the Interest of C. S.*, 280 Ga. App. 781, 784 (3) (635 SE2d 176) (2006); *Register v. State*, 279 Ga. App. 61 (630 SE2d 593) (2006); *Lummus v. State*, 274 Ga. App. 636, 638 (3) (618 SE2d 692) (2005).

2. McCart also contends the State failed to show that he caused all of the damages sustained by the truck. At the hearing, disputed evidence was presented to suggest that some of the damage the truck sustained during the theft resulted from the actions of persons other than McCart. McCart argues, therefore, that he was not responsible for all of the damage. The trial judge held that because McCart was found in possession of the truck he was responsible for all damages that it incurred. Under the preponderance of the evidence standard, the trial court did not abuse its discretion in concluding that McCart caused all the damage to the truck. See, e.g., *Hawthorne v. State*, 285 Ga. App. 196, 199 (2) (648 SE2d 387) (2007).

*Judgment affirmed. Barnes, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Ruffin, Ellington, Miller, Phipps, Mikell and Bernes, JJ., concur.*

DECIDED FEBRUARY 29, 2008.

*Matthew W. Bridges*, for appellant.
*Richard G. Milam, District Attorney, Rita B. Lewis, Assistant District Attorney*, for appellee.

---

[5] "In reviewing a criminal conviction and sentence, an appellate court applies the law as it exists at the time its opinion is rendered, unless application of new law which did not exist at the time of the criminal offense would violate federal or state ex post facto constitutional provisions. [Cits.]" *Register v. State*, 279 Ga. App. 61, 62 (630 SE2d 593) (2006). The law regarding how restitution is implemented is procedural, not substantive, and therefore not affected by the prohibition of ex post facto laws. *Cannon v. State*, 246 Ga. at 755 (1).